# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1513V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * *<br>*<br>PORTIA EXUM,                                 *<br>                                              *<br>                     Petitioner,             *<br>      v.                                     *<br>                                              *<br>SECRETARY OF HEALTH                          *<br>AND HUMAN SERVICES,                          *<br>                                              *<br>                     Respondent.             *<br>                                              *<br>* * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran<br><br><br>Filed: May 2, 2024 |

*Amber Wilson*, Wilson Science Law, Washington, DC for Petitioner.

*Lauren Kells,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART INTERIM
### AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 25, 2021, Portia Exum filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet.") at 1. Petitioner alleges that she suffered autoimmune hepatitis and "chronically elevated liver serum enzymes" as a result of the measles-mumps-rubella and the tetanus-diphtheria-acellular pertussis vaccines she received on August 20, 2018. *Id.* at 1, 4. A two-day entitlement hearing was held in the matter on March 7-8, 2024, and resolution of the claim is still pending.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

1

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated April 8, 2024 (ECF No. 65) ("Int. Fees Mot."). Petitioner requests a total of $214,267.64, reflecting $194,777.77 in fees and costs incurred for the services of attorney Amber Wilson, plus $19,489.87 in fees and costs incurred for the services of co-counsel Gary Krochmal. Int. Fees Mot. at 2–3. Respondent reacted to the final fees request on April 22, 2024. Response, dated April 22, 2024 (ECF No. 66) ("Response"). Respondent has contested the fees award on the grounds of reasonable basis, which I discuss below. Response at 15–18. In reaction, Petitioner filed a reply. Reply, dated April 29, 2024 (ECF No. 67) ("Reply").

For the reasons set forth below, I hereby **GRANT** in part Petitioner's motion, awarding fees and costs in the total amount of **$213,367.64**.

## ANALYSIS

### I.      Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely. Claims that are still in the process of being resolved are subject to the reasonable basis analysis, given that the claim has not yet been deemed "successful." *See Bush v. Sec'y of Health & Hum. Servs.*, No. 15-476V, 2016 WL 3905608 (Fed. Cl. Spec. Mstr. June 17, 2016) (denying interim fees request due to lack of reasonable basis).

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

*Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Respondent maintains that no fees award is appropriate in this case. First, he noted that none of Petitioner's medical providers attribute her illness to the MMR or Tdap vaccines, nor did they even discuss vaccine causation in treater notes. Response at 15. Second, Petitioner had a number of other medical conditions that could have caused her symptoms, including gastrointestinal issues and potential diseases contracted during travel. *Id*. at 16. Respondent also highlights Petitioner's use of malaria medication and over-the-counter supplements. *Id*. And he criticizes the proposed causal theory addressed at hearing, noting that it relies mostly on case reports (a kind of evidence given limited weight in the Program) which have not been shown to be pertinent to the vaccines Petitioner received, or even her alleged injury. *Id*. at 17. Thus, Respondent argues, Petitioner has failed to provide "more than a scintilla" of evidence backing her claim, and no reasonable basis existed when the claim was filed. *Id*. at 15, 17.

In reaction, Petitioner contends that the general fact of her injury is not contested, and that her medical records provide objective support for the claim. Reply at 5–6. She also notes that prior comparable cases have resulted in favorable entitlement determinations (and therefore reasonable basis was assumed), even without the support of an expert report, which Petitioner has provided here. *Id.* at 4, 6. Finally, she argues that a denial of interim fees would frustrate the objectives of the Vaccine Act. *Id*. at 9.

Although I have not yet resolved entitlement in this case, I find the matter possesses

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

sufficient objective basis to justify a fees and costs award. A number of objective medical records support Petitioner's claim. And Respondent's arguments against the claim's preponderant *sufficiency* do not equate to a showing of the lack of minimal objective support that reasonable basis requires. Indeed, I allowed a trial to proceed because I could not conclude that the claim had no likelihood of success, given the existence of fairly-disputed legal and factual questions. Thus (and in light of the low bar to a reasonable basis determinations generally), I find that sufficient objective proof exists for a favorable reasonable basis finding. And the other indicia I usually apply when determining whether to allow an interim award (such as the total fees incurred, or whether a trial has been held) are also met.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| **Amber Wilson** | $345.00 | $378.00 | $427.00 | $454.00 | $479.00 |
| **Gary Krochmal** | -- | -- | -- | $505.00 | $553.00 |
| **Paralegal** | $150.00 | $150.00 | -- | -- | -- |

4

Final Fees Motion at 4–12, 29–39, 52.

Ms. Wilson practices in Washington, DC—a jurisdiction that has been deemed "in forum." Mr. Krochmal practices in Farmington, MI, which has also been deemed "in forum." Accordingly, both are entitled to forum rates as established in *McCulloch. See Stuart v. Sec'y of Health & Hum. Servs.,* No. 16-940V, 2022 WL 176145 (Fed. Cl. Spec. Mstr. Jan. 5, 2022); *Kraemer v. Sec'y of Health & Human Servs.*, No. 18-1631V, 2020 WL 4598754 (Fed. Cl. Spec. Mstr. Aug. 4, 2020). The rates requested for Ms. Wilson and Mr. Krochmal are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[5] *Rivera v. Sec'y of Health & Hum. Servs.,* No. 22-1310V, 2023 WL 4312968 (Fed. Cl. Spec. Mstr. June 6, 2023); *Finn v. Sec'y of Health & Hum. Servs.*, No. 20-1897V, 2023 WL 6465152 (Fed. Cl. Spec. Mstr. Aug. 29, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

### III. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $31,196.17 in outstanding costs for Ms. Wilson's firm, including the filing fee, medical record retrieval costs, mailing costs, scientific article access, travel costs to visit Petitioner, and the work of one expert, Dr. Robert Gish. Int. Fees Mot. at 16–31, 43–51. Dr. Gish prepared one report in this case, and testified at the hearing. He submitted four invoices, reflecting a total of $28,400 (35.25 hours at a rate of $600.00 per hour, as well as 13 hours of hearing preparation and testimony charged at a rate of $650.00 per hour, minus a $1,200.00 retainer on the total). *Id*. at 29–31, 51. Although the total hours Dr. Gish devoted to this matter were reasonable, he will not be awarded the increased $650 per hour fee for his hearing work, since it is not the practice of the Program (or my own) to award experts different rates for different types of work. Instead, his rate will be reduced to his regular rate of $600 per hour for that work, representing a $650.00 total reduction in his requested fees.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited April 30, 2024).

All of the other costs are commonly incurred in the Vaccine Program, and are reasonable herein. Ms. Wilson's requested costs shall therefore be awarded (after the aforementioned reductions specific to Dr. Gish's work), for a total of $30,546.17.

Petitioner also seeks $2,454.97 in costs for Mr. Krochmal's firm, including the cost to travel for the in-person hearing. Int. Fees Motion at 53. These costs are reasonable and will be granted. However, Mr. Krochmal also requests $250.00 for "Postage, Photocopy, Mileage, Telephone, Fax, Etc." *Id.* None of these costs have been substantiated with receipts, and it appears Ms. Wilson handled all of the postage costs in this case. Therefore, this amount will not be awarded. Mr. Krochmal will be awarded only $2,204.97 in costs.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in part, and award a total of **$213,367.64.** $194,127.77 will be awarded in the form of a check made jointly payable to Petitioner and her attorney Ms. Amber Wilson, and $19,239.87 in the form of a check made jointly payable to Petitioner and Mr. Gary Krochmal.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.